MYRTLE STEINMETZ, et al., v. MARSHALL C. WISEHART.

190 So. 13
Division A
Opinion Filed June 27, 1939

*I. P. Henderson,* for Appellants;
*Wisehart & Wisehart,* for Appellee.

PER CURIAM.—The defendant in the court below, appellant here, has not made it appear by this record that she is in a position to maintain an independent suit in equity against the plaintiff to convey to her the legal title to the property involved.

There is no privity of the parties to the contract under which defendant is entitled to a conveyance of the property to her. She might have had affirmative relief by way of cancellation and expunging from the record as a cloud on her title the deed held by the plaintiff and she may have in a separate and independent suit, grounds for relief to require Beacom-Manor, Inc., her grantor in the sales contract, to specifically perform the contract by making, executing and delivering a conveyance of the legal title.

The court below properly held that Marshall C. Wisehart acquired no title. Therefore, he has nothing that he can be required to convey.

For the reasons stated, the decree is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

CHAPMAN and THOMAS, J. J., dissent.

CHAPMAN, J. (dissenting)—Myrtle Steinmetz signed a contract and paid the agreed purchase price therefor and was entitled to a deed under her contract with Beacom-Manor; Inc. When she completed her payments and demanded a deed from Beacom-Manor, she was told that Beacom-Manor had been sold under execution to plaintiff Marshall Wisehart. Courts look beyond the corporate screen and disregard form for the purpose of doing equity. See Wofford v. Wofford, 176 So. 504. This case should not be decided upon the theory that no privity exists between the purchaser Wisehart at the executive sale but on the principle that right and justice should prevail and the action of the plaintiff below was a scheme, sham and device to advance his interest at the cost of an innocent purchaser.

The decree should be reversed.